UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 5:26-cv-03267-WLH-AS | Date | June 22, 2026 |
|---|---|---|---|
| Title | *Nicolas Lemus Alvarado v. Facility Administrator, Desert View Annex et al* | | |

| Present: The Honorable | WESLEY L. HSU, United States District Judge |
|---|---|

| Claudia Garcia-Marquez | None |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:   (IN CHAMBERS) ORDER RE PETITIONER'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER [2]**

The Court is in receipt of Petitioner Nicolas Lemus Alvarado's Emergency Motion for Temporary Restraining Order (the "Motion").  (Mot., Dkt. No. 2).  The Motion accompanied Petitioner's Petition for Writ of Habeas Corpus (the "Petition") filed on June 12, 2026.  (Petition, Dkt. No. 1).  To date, Respondents have neither responded to the Petition nor the Motion.

## I.      BACKGROUND

Petitioner is a Mexican national who has lived in the United States for approximately 35 years.  (Declaration of Nicolas Lemus Alvarado ("Alvarado Decl.") in Support of Emergency Motion, Dkt. No. 2 ¶ 1).  On December 16, 2025, Petitioner was detained by ICE and later transferred to the Desert View Facility in Adelanto, California.  (*Id.* ¶ 4).  In April 2026, an immigration judge denied Petitioner bond upon finding that he was a danger to the community.  (*Id.* ¶ 5).  Petitioner is scheduled to receive a second bond hearing on June 29, 2026.  (*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Petitioner, proceeding *pro se*, now seeks a temporary restraining order preventing his transfer or removal during the pendency of his Petition and directing Respondents to provide him with an individualized bond hearing without delay.  (Mot. at 2).  Petitioner specifically contends that he is "likely to succeed on the merits because [his] detention is governed by 8 U.S.C. § 1226(a), which entitles [him] to an individualized bond hearing, and because [his] prolonged detention without such a hearing violates the Due Process Clause of the Fifth Amendment."  (Mot. at 2).

II.    **DISCUSSION**

In determining whether to issue a TRO, courts apply the four *Winter* factors (the "*Winter* Factors"), which also guide the evaluation of a request for a preliminary injunction:  (1 likelihood of success on the merits; (2) irreparable harm in the absence of preliminary relief; (3) the balance of equities; and (4) the public interest.  *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); s*ee also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (explaining that the analysis for a TRO and a preliminary injunction are "substantially identical").  Where a movant seeks a "mandatory injunction," they face a higher burden.  *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (emphasizing that the plaintiff faced a "doubly demanding" burden for a mandatory injunction).  In this context, a movant must show "the law and facts *clearly* favor her position, not simply that she is likely to succeed."  *Id.* (emphasis in original).

Here, Petitioner appears to argue that he did not receive a bond hearing pursuant to 8 U.S.C. § 1226(a).  His own declaration contradicts that contention, however.  In the Motion, Petitioner concedes he received a bond hearing in April 2026, and is slated to receive another bond determination later this month.  (*See* Alvarado Decl. ¶ 5).  To the extent Petitioner seeks to challenge the merits of the immigration judge's bond decision,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

such review is outside of the Court's jurisdiction.  *See* 8 U.S.C. § 1226(e); *see also Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1212–13 (9th Cir. 2022).

**III.   CONCLUSION**

For these reasons, Petitioner fails to carry his burden on the threshold likelihood of success inquiry.  *See Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023).  As such, the Court need not consider the other three *Winter* factors and must **DENY** the Motion. Pursuant to General Order No. 05-07, further proceedings on the merits of the Petition are **REFERRED** to the assigned Magistrate Judge for adjudication.

**IT IS SO ORDERED.**